## DUNLAP *v.* INDIANA UNION TRACTION COMPANY.

[No. 6,879.   Filed February 15, 1910.]

1. TRIAL.—*Instructions.—Duplication of.*—It is not erroneous to refuse an instruction already covered by one given.   p. 349.

2. TRIAL.— *Instructions.— Prolixity.— Vagueness.*— Instructions should be terse and clear.   p. 349.

3. MASTER AND SERVANT.—*Changing Work.—Injuries.—Complaint. —Paragraphs.—Instructions.— Interrogatories.*— The refusal of the judge to instruct on a paragraph of complaint alleging that defendant negligently ordered the plaintiff to perform certain work outside of the scope of his employment, by reason whereof he was injured, is not prejudicial, where the answers to the interrogatories, as well as the evidence, show that the plaintiff, at his own request, changed his work.   p. 349.

4. TRIAL.—*Instructions.—Applicability to Evidence.*—Instructions should be applicable to the evidence.   p. 350.

5. MASTER AND SERVANT.—*Assumption of Risk.—Danger.—Knowledge or Comprehension of.—Instructions.*—An instruction that a servant assumed the risk of danger when he "knew" thereof and continued in the employment, is not prejudicial for its failure to state that such servant should also "comprehend" the danger. p. 350.

6. MASTER AND SERVANT.—*Complaint.—Instructions as to Negligence Not Alleged.*—Where no negligence was alleged as to the fastening of wire upon a spool, in the unwinding of which the plaintiff was injured, an instruction which eliminates such negligence as a factor in the case, is not injurious.   p. 350.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by James Dunlap against the Indiana Union Traction Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*George Young, John M. Bailey* and *George W. Grubbs,* for appellant.

*J. A. Van Osdol, Kittinger & Diven* and *Oscar Matthews,* for appellee.

RABB, J.—The appellee owns and operates an interurban railway between Indianapolis and Anderson, and other cities, and at the time of the happening of the accident, out of

which this action grew, was building a track about one mile in length, connecting its main line with the United States army post, near Indianapolis. The track had been laid, the trolley posts set, and defendant was engaged in putting up the trolley wires. In doing this work, a small car, known as a gondola-car, was used on the track. A spool of trolley wire, fixed in such manner that it would revolve upon a spindle, was placed in what is called a jack. This was in the form of an ordinary sawbuck, but made out of very heavy material, and was placed on this car, and a horse attached to the car, by means of which it was drawn along the track, and the wire paid out from the spool as it was needed in stringing it upon the posts. A flat-car, upon which a tower reached up to the arms to which the wire was to be attached, followed the gondola-car. This car was pushed by one of appellee's employes, another employe, whose duty it was to attach the wire to the arms on the posts, was on the tower, and another employe, who had charge of the brake on the gondola-car and controlled the movements of the car, was the foreman in charge of the work. The appellant was injured by reason of the upsetting of the jack and spool of wire on him, while he was sitting in front of them, engaged in "braking" the spool of wire by the use of a board provided for that purpose, which prevented the spool from revolving too rapidly and paying out too much wire.

Appellant's complaint, which is in three paragraphs, charges appellee with negligence, proximately causing the injury complained of. The case was put at issue, a jury trial had, resulting in a general verdict in favor of appellee. With the verdict the jury returned answers to certain interrogatories submitted to them. Appellant's motion for a new trial was overruled, and judgment was rendered upon the verdict.

The errors relied upon for reversal are the action of the court in refusing a certain instruction requested by the

appellant, and the giving of certain instructions by
1. the court. The instruction tendered by the appellant was fully covered by other instructions given by the court; hence no error intervened in refusing the instruction tendered.

Some of the instructions given by the court to the jury are justly subject to criticism, for their extreme prolixity and lack of clearness; but, upon the showing made
2. by the record, no reversible error appears in the giving of the instructions complained of. One of the principal grounds of criticism is the failure of the court, in giving the instructions, to take proper cognizance of the distinction between the several paragraphs of appellant's complaint, and especially between the reciprocal duties of appellant and appellee, upon the facts set forth in the first paragraph of complaint, and these same duties under the second and third paragraphs. All of these paragraphs of complaint charge precisely the same acts of negligence against the appellee, to wit, failure to fasten the jack, in which the spool of wire was fixed, to the floor of the car, negligently placing the spool of wire on the front end instead of the rear end of the car, and negligently attempting to pull the car around a curve in the road, by reason of which effort the wire was made to cross and bind on the spool, causing the spool and jack to upset. It is also alleged that appellee knew of the danger growing out of the facts averred and that appellant did not.

The first paragraph, in addition to these facts, averred that appellant was employed to drive the horse drawing the car, and for no other purpose, and that he was taken
3. from this service by appellee, and set to "braking the spool." The failure of the instruction complained of to note the distinction with reference to the assumption of risk on the part of appellant under this state of facts, considered with the rule on the same subject under

a state of facts shown by the other two paragraphs, is insisted upon as a reversible error. This question is, however, eliminated (1) by the answers returned by the jury to the interrogatories submitted to them, and (2) by the uncontroverted evidence. It appears from the evidence and the answers to interrogatories that appellant was employed originally to drive the team drawing the car carrying the spool of trolley wire, but that after the work had proceeded a short time, the appellant, at his own suggestion, was permitted to exchange work with the man engaged in "braking the spool" of wire.

4. Instructions to a jury are designed to enable the jury to apply the law to the facts as they shall be established by the evidence, and if a party has in some paragraph of his pleadings set up a case to which the evidence introduced upon the trial has no application, no error intervenes, if the court ignores such pleading in its instructions to the jury.

5. It is further insisted that the instructions on the subject of the assumption of risk, as applied to the second and third paragraphs of complaint, are incorrect, for the reason that they impose the assumption of risk upon the appellant, if he simply "knew of the danger," and that simple knowledge is not enough. He must "comprehend the danger." This instruction is not justly subject to the criticism urged against it.

6. The court instructed the jury that if it found that Patterson was the appellee's foreman in charge of the work; that all spools of wire theretofore used by Patterson were free of fastening by staples attaching the wire to the spool, except those appearing on the outside of the surface of the spool, where the end of the wire was attached to the spool, for the purpose of keeping it from unwinding; that down in the wire on this spool, concealed from view, so that it could not be detected, the wire was fastened to the spool by means of a staple; that neither appellee nor

its foreman knew, or could have anticipated, such fact; that the proximate cause of the accident and appellant's injury was the fact that said wire was so fastened to the spool—then appellant could not recover. This instruction, it is claimed, does not eliminate the idea that the defendant company may not have put the staple in the spool and caused the accident. It is not alleged in the complaint that appellee was guilty of any negligence in connection with the preparation of the reel of wire on the spool. If such fact had been averred in the complaint as a negligent act of the appellee, proximately causing the injury, and the appellee thereby challenged to meet it, a question might have been presented to this court, but no such question is presented by the record. Had the appellee been challenged thus to meet this question, it could doubtless very readily have established the fact that it bought the wire already upon spools put up by the factory where manufactured, and that it was not expected that the wire would be fastened to the spool inside of the surface.

If this fact was the cause of the accident and appellant's injury, and not the alleged negligence of the appellee, as averred in the complaint, the appellant has no case. There was no error in giving this instruction, and the jury specially find in the answers to interrogatories that the wire's being thus fastened by the staple down below the surface of the spool, where it was not discernible to either appellant or appellee, was the proximate cause of the injury, and this finding is well sustained by the evidence. In this state of the case no mistake the court may have made in its instructions would constitute reversible error.

Judgment affirmed.